# CIRCUIT COURT OF THE CITY OF WINCHESTER

Commonwealth of Virginia

v.

Johnson

June 7, 1985

Case Nos. (Criminal) 85-CR-87 and -88

By JUDGE HENRY H. WHITING

The Court has considered the defendant's motion requiring the Commonwealth to disclose the names of its proposed witnesses in order that the defendant may obtain a transcript of any criminal convictions those witnesses might have to impeach their credibility. Obviously this motion must be denied in view of the express language of Rule 3A:11(b)(2) providing that certain information in the custody of the Commonwealth might be discovered if material to the preparation of the defense and the request is reasonable, but "this paragraph does not authorize the discovery or inspection of statements made by Commonwealth witnesses or prospective Commonwealth witnesses, agents of the Commonwealth."

The defendant proposes as an alternative that the Commonwealth secure those records and have them available for production as and when the Commonwealth's witnesses are put on the stand. In the Court's opinion this puts too great a burden upon the Commonwealth, to have every witness's criminal records investigated and may also result in requiring a continuance if a Commonwealth's witness is discovered at the last minute.

More often than not defendants know the names of those witnesses who may be called against them, they frequently being co-conspirators or others closely associ-

ated with the alleged offense. Upon the *ex parte* motion of such a defendant and a showing that the records requested may be relevant, this Court will enter an Order requiring those records to be produced to the defendant under the provisions of Virginia Code Section 19.2-389(A). If the Commonwealth has information of the witnesses' felony convictions or convictions of misdemeanors involving moral turpitude, it should disclose that information to the defense when the witness is put on the stand, following generally the procedure suggested in the *Jencks* case.

Because of the foregoing the defendant's motion for the names of the proposed Commonwealth's witnesses or to require the Commonwealth to have on file and available at the trial of the case the criminal history records of all of its witnesses is denied with leave in the defendant to proceed upon the *ex parte* motion as to any witnesses it may know of who might testify for the Commonwealth. The Court believes the burden ought to be on the defendant to seek out any such records as to witnesses the defendant might reasonably expect to be called against him, and if the defendant does not choose to follow this statutory procedure and the Commonwealth has no such records at the trial and it later turns out the witness did have a record but denied it, the defendant may well be barred from obtaining a new trial on the ground that he did not use due diligence to secure the contradictory evidence. On the other hand, if the witness was not one that a defendant might reasonably expect to be called by the Commonwealth and the Commonwealth has reason to suspect that the witness might have a criminal record, the defendant might well be entitled to a new trial upon the grounds of after-discovered evidence not reasonably available at the time of trial should a record be disclosed by later investigation.